OJS 44 (Rev. 3/99)                     **CIVIL COVER SHEET**                     **APPENDIX B**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Matthew Cannon

**DEFENDANT**

LVNV Funding LLC

**(b)** County of Resident of First Listed Plaintiff __Bucks County, PA__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed __Greenville, S.C.__
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Vicki Piontek
951 Allentown Road
Lansdale, PA 19446
(877) 737-8617

Attorneys (If Known)
Nipun J. Patel
Reed Smith LLP
2500 One Liberty Place, 1650 Market Street
Philadelphia, PA 19103-7301
(215) 851-8100

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                           and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place Of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury– | ☐ 620 Other Food & Drug | ☐ 423 Individual | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury– | of Property 21 USC | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| &Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| Student Loans (Excl. | ☐ 340 Marine | | ☐ 690 Other | | ☐ 850 Securities/Commodities/ |
| Veterans) | ☐ 345 Marine Product | **PERSONAL PROPERTY** | | **SOCIAL SECURITY** | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 370 Other Fraud | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 380 Other Personal | Act | ☐ 863 DIWC/DIWW | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | Property Damage | ☐ 720 Labor/Mgmt. Relations | (405(G)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | ☐ 385 Property Damage | ☐ 730 Labor/Mgmt Reporting | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | Injury | Product Liability | & Disclosure Act | ☐ 765 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | ☐ 870 Taxes (U.S. Plaintiff | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | Security Act | or Defendant) | Determination Under |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | ☐ 871 IRS–Third Party | Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 444 Welfare | ☐ 535 Death Penalty | | 26 USC 7609 | ☐ 950 Constitutionality of |
| | ☐ 440 Other Civil Rights | ☐ 540 Mandamus &Other | | | State Statutes |
| | | ☐ 550 Civil Rights | | | ☒ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

| | | | | Transferred from another district | | Appeal to District Judge from Magistrate Judgment |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 |

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and writ brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)
Plaintiff brought his case under the Fair Debt Collection Practices Act, 15 USC 1692, *et seq.*

**VII. REQUESTED IN COMPLAINT**    ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23      DEMAND $ 7,751.00      CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**    (See instructions):    JUDGE _____    DOCKET NUMBER _____

DATE     December 26, 2012     SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

JS 44 Reverse (Rev. 12/96)

# UNITED STATES DISTRICT COURT

APPENDIX F

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA X DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 951 Allentown Road, Lansdale, Pennsylvania 19446

Address of Defendant: 15 South Main Street, Greenville, South Carolina 29601

Place of Accident, Incident or Transaction: Bucks County, Pennsylvania

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))                    Yes **X**    No

Does this case involve multidistrict litigation possibilities?                    Yes    No **X**

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                    Yes    No **X**

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
                    Yes    No **X**

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
                    Yes    No **X**

CIVIL: (Place **Y** in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. Indemnity Contract, Marine Contract, and All Other Contracts
2. FELA
3. Jones Act-Personal Injury
4. Antitrust
5. Patent
6. Labor-Management Relations
7. Civil Rights
8. Habeas Corpus
9. Securities Act(s) Cases
10. Social Security Review Cases
11. **X** All other Federal Question Cases
      (Please specify)
Fair Debt Collection Practices Act

B. *Diversity Jurisdiction Cases:*
1. Insurance Contract and Other Contracts
2. Airplane Personal Injury
3. Assault, Defamation
4. Marine Personal Injury
5. Motor Vehicle Personal Injury
6. Other Personal Injury (Please specify)
7. Products Liability
8. Products Liability X Asbestos
9. All other Diversity Cases

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, Nipun J. Patel, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: December 26, 2012        _____        208130
                                 Attorney-at-Law              Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: December 26, 2012        _____        208130
                                 Attorney-at-Law              Attorney I.D.#

CIV. 609 (4/03)

# UNITED STATES DISTRICT COURT

APPENDIX F

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA X DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 951 Allentown Road, Lansdale, Pennsylvania 19446

Address of Defendant: 15 South Main Street, Greenville, South Carolina 29601

Place of Accident, Incident or Transaction: Bucks County, Pennsylvania

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes X   No

Does this case involve multidistrict litigation possibilities?    Yes   No X

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

    Yes   No X

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated

    action in this court?    Yes   No X

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously

    terminated action in this court?    Yes   No X

CIVIL: (Place Y in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. Indemnity Contract, Marine Contract, and All Other Contracts
2. FELA
3. Jones Act-Personal Injury
4. Antitrust
5. Patent
6. Labor-Management Relations
7. Civil Rights
8. Habeas Corpus
9. Securities Act(s) Cases
10. Social Security Review Cases
11. X All other Federal Question Cases
    (Please specify)
Fair Debt Collection Practices Act

B. *Diversity Jurisdiction Cases:*
1. Insurance Contract and Other Contracts
2. Airplane Personal Injury
3. Assault, Defamation
4. Marine Personal Injury
5. Motor Vehicle Personal Injury
6. Other Personal Injury (Please specify)
7. Products Liability
8. Products Liability X Asbestos
9. All other Diversity Cases

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, Nipun J. Patel, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

X Relief other than monetary damages is sought.

DATE: December 26, 2012      Attorney-at-Law      208130
Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: December 26, 2012      Attorney-at-Law      208130
Attorney I.D.#

CIV. 609 (4/03)

APPENDIX I

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW CANNON, | : |
| Plaintiff, | : |
| v. | :  Civil Action No. _____ |
| | : |
| J.C. CHRISTENSEN AND ASSOCIATES, INC. | : |
| | : |
| *and* | : |
| | : |
| LVNV FUNDING, LLC | : |
| | : |
| *and* | : |
| | : |
| JOHN DOES 1-10 | : |
| | : |
| *and* | : |
| | : |
| X, Y, Z CORPORATIONS, | : |
| Defendants. | : |

## CASE MANAGEMENT TRACK DESIGNATION FORM

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See э 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus B Cases brought under 28 U.S.C. э2241 through э2255.                ( )

(b) Social Security B Cases requesting review of a decision of the Secretary of Health
   and Human Services denying plaintiff Social Security Benefits                     ( )

(c) Arbitration B Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos B Cases involving claims for personal injury or property damage from
   exposure to asbestos.                                                            ( )

(e) Special Management B Cases that do not fall into tracks (a) through (d) that are
   commonly referred to as complex and that need special or intense management by
   the court. (See reverse side of this form for a detailed explanation of special
   management cases.)                                                               ( )

(f) Standard Management B Cases that do not fall into any one of the other tracks.          (X)

Date:  December 26, 2012

Nipun J. Patel, Esquire
Jenai H. St. Hill, Esquire
REED SMITH LLP
1650 Market Street
2400 One Liberty Place
Philadelphia, PA 19103
 (215) 851-8100
 (215) 851-1420 (Facsimile)
Email: npatel@reedsmith.com
          jsthill@reedsmith.com

*Attorneys for Defendant*
*LVNV Funding, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MATTHEW CANNON,      : | |
|         Plaintiff,   : | |
|     v.         : | Civil Action No. _____ |
|          : | |
| J.C. CHRISTENSEN AND ASSOCIATES, INC.  : | |
|          : | |
| *and*          : | |
|          : | |
| LVNV FUNDING, LLC       : | |
|          : | |
| *and*          : | |
|          : | |
| JOHN DOES 1-10         : | |
|          : | |
| *and*          : | |
|          : | |
| X, Y, Z CORPORATIONS,      : | |
|         Defendants.   : | |

## <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§ 1332 and 1441, Defendant LVNV Funding LLC, by and through its undersigned counsel, Reed Smith LLP, hereby removes this action, pending as Case No. 2012-05534 in the Court of Common Pleas of Bucks County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania. As grounds for removal, Defendants state as follows:

A.     **<u>INTRODUCTION.</u>**

1. On November 13, 2012, Plaintiff Matthew Cannon ("Plaintiff") commenced an action by filing a Complaint in the Court of Common Pleas of Bucks County where it is presently captioned <u>Matthew Cannon v. J.C. Christensen and Associates, Inc. and LVNV Funding, LLC,</u> Civil Action No. 2012-05534. A true and correct copy of Plaintiff's Complaint is attached hereto as **Exhibit A.**

2.   Defendant LVNV Funding LLC received the Complaint via certified mail on or about November 26, 2012.

3.   To this date, no further pleadings have been filed and no further proceedings have occurred in the Bucks County Court litigation.

4.   Plaintiff has not filed any affidavit of service as to any other Defendant.

5.   In Plaintiff's Complaint, he seeks recovery in connection with alleged violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.*  See Compl. ¶ 1.

B.    **REMOVAL IS PROPER BECAUSE FEDERAL QUESTION JURISDICTION EXIST.**

6.    Removal of this action is proper under 28 U.S.C. §§ 1331 and 1441(a) based on federal question jurisdiction, which allows for the removal of any civil action over which the district courts of the United States would have original jurisdiction.

7.   This Court has original jurisdiction over this action because Plaintiff's claims are founded on a claim or right "arising under the … laws of the United States."  See 28 U.S.C. § 1331.  More specifically, original jurisdiction is present in this action because Plaintiff's alleged claim under the Fair Debt Collection Practices Act presents a federal question.  See 28 U.S.C. § 1331.

8.    Accordingly, had Plaintiff's Complaint been brought in the United States District Court for the Eastern District of Pennsylvania originally, this Court would have had original jurisdiction over the subject matter under 28 U.S.C. § 1331.  As a result, this action is properly removable to this Court pursuant to the provisions of 28 U.S.C. § 1441.

C.    **ALL OF THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.**

9.   As noted below, Defendant has complied with each of the procedural requirements necessary for removal:

a) <u>Removal is Timely</u>:  Pursuant to 28 U.S.C. § 1446(b), a notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  This Notice of Removal is being filed within thirty (30) days after Defendant received a copy of Plaintiff's Complaint (November 26, 2012), and is therefore timely.

b) <u>Venue is Proper</u>: Under 28 U.S.C. § 1441(a), a state court action may be removed "to the district court of the United States for the district and division embracing the place where such action is pending."  The Court of Common Pleas of Bucks County is located within the Eastern District of Pennsylvania.  <u>See</u> 28 U.S.C. § 118.  Accordingly, venue is proper in this Court.

c) <u>Named Defendant Consents to Removal</u>:  Defendant J.C. Christensen and Associates, Inc. has not been properly served the Complaint.  As such, its consent is not necessary to remove this action to federal court.  <u>See</u>  <u>DiLoreta v. Costigan</u>, Nos. 08-989 & 08-990, 2008 WL 4072813, at *2 (E.D. Pa. Aug. 29, 2008) (stating an exception to "unanimity requirement" under 28 U.S.C. § 1446(b)(2)(A) is when a co-defendant has not been served with the initial pleadings); <u>see also</u> <u>Ogletree v. Barnes</u>, 851 F. Supp. 184, 187 (E.D. Pa. 1994) (same).  Notwithstanding this exception, J.C. Christensen and Associates, Inc. consents to this Notice of Removal.  A true and correct copy of J.C. Christensen and Associates' Consent to Notice of Removal is attached hereto as **Exhibit B**.

d) <u>Pleadings and Process</u>: True and correct copies of all process and pleadings served upon Defendant are attached hereto as **Exhibit A** in compliance with 28 U.S.C. § 1446(a).

e) <u>Filing and Service</u>: Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and Defendant J.C. Christensen and Associates, Inc., and a copy is being filed with the Clerk of the Court of Common Pleas of Bucks County.

10. No admission of fact, law or liability is intended by this Notice of Removal, and Defendant LVNV Funding, LLC expressly preserves all of its defenses, denials and/or objections to Plaintiff's Complaint and each and every allegation thereof.

11. In consenting to and joining in this Notice of Removal, Defendant J.C. Christensen and Associates, Inc. makes no admission of fact, law, or liability, and preserves all of its defenses, denials and/or objections to Plaintiff's Complaint and every allegation thereof.

**WHEREFORE**, Defendant LVNV Funding LLC requests that the above-captioned action be removed from the Court of Common Pleas, Bucks County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania, and that all further proceedings in this action be held before this Court.

Respectfully Submitted,

Nipun J. Patel, Esquire
Jenai H. St. Hill, Esquire
REED SMITH LLP
1650 Market Street
2400 One Liberty Place
Philadelphia, PA 19103
 (215) 851-8100
 (215) 851-1420 (Facsimile)
Email: npatel@reedsmith.com
          jsthill@reedsmith.com

*Attorneys for Defendant*
*LVNV Funding, LLC*

Dated: December 26, 2012

## CERTIFICATE OF SERVICE

I hereby certify that, on this 26th day of December 2012, I caused to be served a true and correct copy of the foregoing Defendant LVNV Funding LLC's Notice of Removal via ECF and/or United States First Class Mail upon the following:

> Vicki Piontek
> 951 Allentown Road
> Lansdale, PA 19446
> *Attorney for Plaintiff*
>
> Michael A. Klutho
> BASSFORD REMELE
> 33 South Sixth Street, Suite 3800
> Minneapolis, MN  55402-3707
> *Attorney for J.C. Christensen and Associates, Inc.*

_____
Nipun J. Patel

# EXHIBIT A

IN THE COURT OF COMMON PLEAS
OF BUCKS COUNTY, PENNSYLVANIA

Matthew Cannon                          :
c/o Piontek Law Office                  :
951 Allentown Road                      :
Lansdale, PA  19446                     :
                        Plaintiff       :
Vs.                                     :
J.C. Christensen and Associates, Inc.   :
215 North Benton Drive                  :
Sauk Rapids, MN  56379                  :
and                                     :
LVNV Funding, LLC                       :
15 South Main Street, Suite 700         :
Greenville, SC  29601                   :        2012-05534
and                                     :
John Does 1-10                          :
and                                     :
X,Y, Z Corporations                     :
                        Defendants      :

## NOTICE

YOU HAVE BEEN SUED IN COURT.  IF YOU WISH TO DEFEND AGAINST THE
CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN
TWENTY (20) DAYS AFTER THE COMPLAINT AND NOTICE ARE SERVED BY
ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND
FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE
CLAIMS SET FORTH AGAINST YOU.  YOU ARE WARNED THAT IF YOU FAIL TO DO
SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED
AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY
CLAIMED OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE
DEFENDANT.  YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS
IMPORTANT TO YOU.

SEE NEXT PAGE >>>>>>>>>>>>>>>>>>>>>

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO
NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE
OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Legal Aid of Southeastern Pennsylvania for Bucks County
1290 Veterans Highway, Box 809, Bristol, PA 19007
215-781-1111

Bucks County Legal Aid Society
100 Union St, Doylestown, PA 18901
(215) 340-1818

Bucks County Bar Association
135 East State Street, PO Box 300, Doylestown, PA 18901
215-348-9413

IN THE COURT OF COMMON PLEAS
OF BUCKS COUNTY, PENNSYLVANIA

Matthew Cannon                                    :
c/o Piontek Law Office                            :
951 Allentown Road                                :
Lansdale, PA  19446                               :
                          Plaintiff              :
Vs.                                               :
J.C. Christensen and Associates, Inc.             :
215 North Benton Drive                            :
Sauk Rapids, MN  56379                            :
and                                               :
LVNV Funding, LLC                                 :
15 South Main Street, Suite 700                   :
Greenville, SC  29601                             :        2012-05534
and                                               :
John Does 1-10                                    :
and                                               :
X,Y, Z Corporations                               :
                          Defendants              :

## COMPLAINT

## INTRODUCTION

1. Plaintiff, Matthew Cannon,  brings this action against Defendant,(s) under the Fair Debt

   Collection Practices ACT (FDCPA), 15 USC 1692 et. seq..

## JURISDICTION AND VENUE

2. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

3. Defendant(s) is within the jurisdiction of this Court. Defendant regularly transacts business in this jurisdiction. Thus, Defendant(s) has obtained the benefits of the market in Bucks County, Pennsylvania.

4. Venue is proper in this jurisdiction. Defendant transacts business throughout the Commonwealth of Pennsylvania in general and within this jurisdiction. A substantially portion of the conduct complained of occurred in this jurisdiction. Plaintiff resides in this jurisdiction.

## THE PARTIES

5.  The previous paragraphs of this Complaint are incorporated by reference and made a part
    of this Complaint.

6.  Plaintiff is Matthew Cannon, an adult individual with a mailing address of c/o Piontek
    Law Office, 951, Allentown Road, Lansdale, PA 19446.

7.  Defendant(s) may include but not be limited to the following.

    a.  J.C. Christensen and Associates, Inc. 215 North Benton Drive, P.O. Box 519,
        Sauk Rapids, MN 56379, a collection agency engaged in the business of
        collecting consumer debts from residents of various states throughout the United
        States, including but not limited to Pennsylvania.

    b.  LVNV Funding, LLC, a business entity with a principle place of business located
        at 15 South Main Street, Suite 700, Greenville, SC 29601.

    c.  John Does 1-10, individuals or business entities whose identities are not know to
        Plaintiff at this time, but which will become known upon proper discovery.  It is
        believed and averred that such Does played a substantial role in the commission
        of the acts described in this complaint.

    d.  X,Y,Z Corporations, business identities whose identities are not know to Plaintiff
        at this time, but which will become known upon proper discovery.  It is believed
        and averred that such entities played a substantial role in the commission of the
        acts described in this complaint.

**COUNT ONE: Violation of Fair Debt Collection Practices Act, 15 USC 1692 et. seq.**

8. The previous paragraphs of this complaint are incorporated by reference and made a part of this Complaint.

9. Plaintiff is a consumer debtor as defined by the Fair Debt Collections Practices Act (FDCPA), 15 USC 1692 et. Seq.

10. At all times mentioned herein, Defendant was attempting to collect on a consumer debt from Plaintiff.

11. Defendants is a debt collector as defined by the FDCPA, 15 USC 1692 et. seq.

12. Within the applicable statute of limitations prior to the commencement of this action, Defendant(s) contacted Plaintiff by telephone on one or more occasions.

13. During one or more of the pertinent telephone conversations that took place between Plaintiff and Defendant, Plaintiff spoke with a female representative, agent or employee of Defendant.

14. During the telephone conversation(s) that took place, Plaintiff(s)' agent(s) representative(s) or employee(s) made the following materially false, misleading, deceptive, harassing and intimidating statements or implications.

    a.   That Plaintiff would be sued if Plaintiff did not pay Defendant(s) on the alleged consumer debt that Defendant(s) was attempting to collect from Plaintiff.

    b.   That Defendant(s) had retained a lawyer for the purpose of collecting the alleged consumer debt form Plaintiff.

15. At all times mentioned in this Complaint, Defendant's above referenced statements to Plaintiff about impending legal action were false and misleading.

16. It is believed and averred that Defendant had no knowledge, one way or another, whether the alleged creditor intended to file suit against Plaintiff or not.

17. At all times mentioned in this Complaint, it is believed and averred that Defendant had no knowledge, one way or another, whether the alleged creditor intended to forward the account to an attorney or not.

18. At all times mentioned in this Complaint, it is believed and averred that Defendant(s) was acting as a third party debt collector, and was merely serving the alleged account, and was not the owner of the alleged account.

19. At all times mentioned in this Complaint, it is believed and averred that such false statements were a mere scare tactic to cause consumers to make payments to Defendant under false threat and / or implication of impending legal action.

**LIABILITY**

20. The previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

21. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

22. Defendant(s) is liable for the acts committed by its agents under the doctrine of respondeat superior because Defendant's agents were acting within the scope of their employment with Defendant.

23. In the alternative, Defendant(s) is liable for the conduct of its agents / employees under the theory of joint and several liability because Defendant and its agents / employees were engaged in a joint venture and were acting jointly and in concert.

24. Any mistake made by Defendant would have included a mistake of law.

25. Any mistake made by Defendant would not have been a reasonable or bona fide mistake.

26. At all times mentioned in this Complaint, Defendants, JACOB LAW GROUP, PLLC and Michael Jacob, and the agent(s), representative(s) or employee(s) who committed the aforementioned FDCPA violations were acting as agents of Defendant, Resurgent Capital Services L.P. , 15 South Main Street, Suite 700, Greenville, SC  29601.

27. At all times mentioned in this Complaint, Defendants, JACOB LAW GROUP, PLLC and Michael Jacob, and the agent(s), representative(s) or employee(s) who committed the aforementioned FDCPA violations were acting as agents of Defendant, Resurgent Capital Services L.P. , 15 South Main Street, Suite 700, Greenville, SC 29601.

28. At all times mentioned in this Complaint, Defendants, JACOB LAW GROUP, PLLC and Michael Jacob, and the agent(s), representative(s) or employee(s) who committed the aforementioned FDCPA violations were acting jointly and in concert with Defendant, Resurgent Capital Services L.P. , 15 South Main Street, Suite 700, Greenville, SC 29601.

29. At all times mentioned in this Complaint, Defendant, Resurgent Capital Services L.P. is liable for the acts and / or omission of Defendants JACOB LAW GROUP, PLLC and Michael Jacob, and their agent(s), representative(s) or employee(s), under the doctrine of joint and several liability.

30. At all times mentioned in this Complaint, Defendant, Resurgent Capital Services L.P. is liable for the acts and / or omission of Defendants JACOB LAW GROUP, PLLC and Michael Jacob, and their agent(s), representative(s) or employee(s), under the doctrine of respondeat superior. See MOSES v. LAW OFFICE OF HARRISON ROSS BYCK, PC, William Seltzer, DBG Collection, Inc., and Cach, LLC, United Stated District Court for the Middle District of Pennsylvania, 08 cv 1939, Aug. 4, 2009; also see MARTSOLF, v. JBC LEGAL GROUP, P.C., and OUTSOURCE RECOVERY MANAGEMENT, United Stated District Court for the Middle District of Pennsylvania, 04-CV-1346.

## DAMAGES

31. The preceding paragraphs of this complaint are incorporated by reference and made a part of this complaint.

32. Plaintiff's actual damages are $1.00 more or less, including but not limited to stationary, postage, phone calls, etc. to Plaintiff's attorney to stop the unlawful collection activity.

33. Plaintiff believes and avers that Plaintiff is entitled to $1,000.00 statutory damages under the FDCPA 15 USC 1692k.

34. Plaintiff suffered emotional distress, worry, fear and anger as a result of Defendant(s)' illegal collection activity.

35. For purposes of a default judgment, Plaintiff believes and avers that the value of such distress is no less than $5,000.00.

## ATTORNEY FEES

36. The preceding paragraphs of this complaint are incorporated by reference and made a part of this complaint.

37. Plaintiff believes and avers that Plaintiff is entitled to attorney fees of $1,750.00 at a rate of $350.00 per hour which includes the following:

| | |
|---|---|
| a. Consultation with client | 1 hour |
| b. Drafting , editing and review of Complaint and related documents | 2 hours |
| c.  Follow up with Defendant | 2 |
| | 5 hours |

Total Hours Spent as of Date of Filing Complaint: 3hours x $350.00 per hour = $1,750

38. Plaintiff's attorney fees continue to increase as the case progresses.

Wherefore, plaintiff demands judgment against defendant in the amount of $7,751.00 enumerated below.

$1,000.00 under FDCPA, 15 USC 1692 et. seq.

$1.00 actual damages, for postage, stationary, inconvenience and loss of time.

$1,750.00 attorney fees.

$5,000 emotional distress

_____

$7,751.00

Plaintiff also seeks declaratory and injunctive relief, and such other relief as this Honorable Court may deem appropriate.

_____        11-5-2012
Vicki Piontek., Esquire              Date
Attorney for Plaintiff
Bar ID No. 83559
951 Allentown Road
Lansdale, PA  19446
877-737-8617
palaw@justice.com
Fax: 866-408-6735

IN THE COURT OF COMMON PLEAS
OF BUCKS COUNTY, PENNSYLVANIA

Matthew Cannon                            :
c/o Piontek Law Office                    :
951 Allentown Road                        :
Lansdale, PA  19446                       :
                          Plaintiff       :
                                          :
Vs.                                       :
                                          :
J.C. Christensen and Associates, Inc.     :
P.O. Box 519                              :
Sauk Rapids, MN  56379                    :        Jury Trial Demanded
and                                       :
J.C. Christensen and Associates, Inc.     :
215 North Benton Drive                    :
Sauk Rapids, MN  56379                    :
and                                       :
                                          :
                                          :
                                          :
and                                       :
John Does 1-10                            :
and                                       :
X,Y, Z Corporations                       :
                          Defendants      :

## VERIFICATION

I, Matthew Cannon, have read the attached complaint.  The facts stated in the complaint are true
and accurate to the best of my knowledge, understanding and belief.


_____        09/03/2012
Matthew Cannon                      Date

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW CANNON | : |
|            Plaintiff, | : |
|      v. | :   Civil Action No. _____ |
| | : |
| J.C. CHRISTENSEN AND ASSOCIATES, INC. | : |
| | : |
| *and* | : |
| | : |
| LVNV FUNDING, LLC | : |
| | : |
| *and* | : |
| | : |
| DOES 1-10 | : |
| | : |
| *and* | : |
| | : |
| X, Y, Z CORPORATIONS, | : |
|            Defendants. | : |

### DEFENDANT J.C. CHRISTENSEN AND ASSOCIATES, INC'S
### CONSENT TO NOTICE OF REMOVAL

Defendant J.C. Christensen and Associates, Inc., hereby consents to the Notice of Removal of LVNV Funding, LLC, removing this action from the Court of Common Pleas, Bucks County (Docket No. 2012-05534), to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. §§ 1441, 1446 and 1331.

Dated:

                           Lilah Stellmach
                           Compliance Director
                           J.C. Christensen and Associates, Inc.
                           P.O. Box 519
                           Sauk Rapids, MN 56379